**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY           PLAINTIFF

v.                        CASE NO. 4:09CV00422 JLH

LANDMARK CLOSING COMPANY, and
MARCI INGRAM                                              DEFENDANTS

**PRELIMINARY INJUNCTION**

Plaintiff Old Republic National Title Insurance Company ("ORNTIC") having filed its Verified Complaint and having moved this Court to enter a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, the parties came before the Court this 19th day of June, 2009, Plaintiff appearing through its attorneys Dover Dixon Horne PLLC and Marci Ingram ("Ingram") appearing *pro se*. Appearing from the specific facts set forth in the Verified Complaint, as well the agreement of the parties as announced to the Court,

IT IS HEREBY ORDERED that Defendants, their agents and other persons acting in active concert or participation with them who receive actual notice of this Preliminary Injunction, are hereby enjoined as follows:

    1.      Defendants are immediately restrained from removing, destroying or concealing any and all assets, fixtures, furnishings, books, records, files, computers, computer records, forms, title policies, escrow files, closing files, title files and similar or related documents, including without limitation, all documents relating to records, documents, and files pertaining to real estate transactions and pertaining to title transactions involving the issuance of commitments, policies or guarantees by ORNTIC, along with any and all financial records, statements, accounts, checks, check registers, correspondence, and all other similar or related documents pending further order of this Court.

2. Defendants are immediately restrained from making further disbursements, of any kind or nature, from any and all financial accounts, including their escrow accounts, in their control, subject to the following specific exception:

Ingram is the holder of a joint checking account with her husband Stephen F. Ingram at First Community Bank in Searcy, Arkansas, Account No. 289041 ("the Ingram Personal Account"). As to the Ingram Personal Account, the following is hereby declared to be exempt from this Preliminary Injunction, and may be made immediately available as directed by Ingram or may be used to pay outstanding items issued against the Ingram Personal Account:

    A.    The present balance of the Ingram Personal Account;
    B.    Future deposits into the account made by Stephen F. Ingram not to exceed the amount of $2,500.00 per month;
    C.    Future deposits into the account made by Defendant Ingram not to exceed the amount of $2,000.00 per month;

This exception to the Preliminary Injunction relative to the Ingram Personal Account may be revisited by the Court upon application by the parties.

3. Defendants are immediately restrained from disposing of, mortgaging, pledging or hypothecating any real and personal property held or owned by them until further Order of this Court.

4. Defendants are to immediately submit to an accounting, to be conducted by ORNTIC, of the above-referenced financial accounts and the general books of accounts and of all accounts, checks, records or files of Landmark pertaining to each and every transaction in which an ORNTIC Commitment for Title Insurance, ORNTIC Lenders Policy of Title Insurance, an ORNTIC Owner's Policy of Title Insurance or an ORNTIC Closing Protection Letter was issued.

5. In furtherance of the accounting ordered above, Defendants are to immediately provide ORNTIC unfettered access to all of their financial accounts and the general books of accounts and of all accounts, checks, records or files of Landmark pertaining to each and every transaction in which an ORNTIC Commitment for Title Insurance, ORNTIC Lenders Policy of Title Insurance, an ORNTIC Owner's Policy of Title Insurance, or an ORNTIC Closing Protection Letter was issued.

6. Ingram will execute, on behalf of Landmark and herself personally, to ORNTIC a limited power of attorney and authorization granting to ORNTIC access to all bank records of any type for all bank accounts that exist or formerly existed in the name of Landmark or Ingram.

This Preliminary Injunction is supported by the following Findings of Fact and Conclusions of Law:

1. ORNTIC is a title insurance company authorized to conduct business in Arkansas.

2. Landmark was a policy issuing agent of ORNTIC pursuant to a written Agreement for Appointment of Policy Issuing Agent (herein, the "Agency Agreement"), a copy of which is attached to ORNTIC's Verified Complaint as Exhibit 1.

3. Ingram is President and a shareholder of Landmark.

4. As an agent of ORNTIC for the limited purpose of issuing title insurance commitments, binders, title reports, certificates, guarantees, title insurance policies, endorsements, and other agreements regarding the condition of title, Landmark was required, among other things, to:

> (F) Keep safely in a federally insured trust account separate from Agent's operating accounts all funds received by Agent in connection with transactions where Insurer's Title Insurance Forms are used, and disburse said funds only for the purposes for which the same were entrusted, and reconcile all such accounts not less frequently than monthly.
>
> * * *
>
> (K) Comply with all the terms and conditions of this Agreement and all other terms and conditions of all other agreements between Agent and Insurer or between Agent and Insurer's affiliates.

5. Landmark was also required, among other things, to:

> C. Agent shall report to Insurer, on a monthly basis, in a form approved by Insurer, all title insurance policies, endorsements and any other Title Insurance Forms that Insurer may require to be reported, which have been issued since the previous report, and attach to the report a copy of each Title Insurance Form covered by the report. Agent shall also remit to Insurer, with the above report, all amounts due Insurer under this Agreement. The report and remittance shall be due on or before the 10th day of the second month following the closing date on which Insurer's title insurance liability attached. All title insurance forms submitted to Insurer as requiredherein shall become the property of Insurer.

  D. All amounts due Insurer pursuant to this Agreement shall, upon receipt by Agent, be considered the property of Insurer and shall be held in trust by Agent for the benefit of Insurer until such time said amounts are paid over to Insurer .

6. In furtherance of its obligations and duties as an agent of ORNTIC for the limited purpose of issuing title insurance commitments, binders, title reports, certificates, guarantees, title insurance policies, endorsements, and other agreements regarding the condition of title, Landmark established and maintained financial accounts, including escrow and trust accounts, in the name of, belonging to, or under the control of Landmark at various banks in the Searcy, Arkansas area, including First Community Bank, Centennial Bank, Simmons First Bank of Searcy, and Regions Bank.

7. In her capacity as officer, shareholder, director, and manager of the day-to-day operations and employee(s) of Landmark, Ingram has or had access to and control of the above-described financial accounts and other assets, including, but not limited to, closing files, ORNTIC title commitments and ORNTIC title policies for individual real estate transactions, in the name of, belonging to, or under the control of Landmark.

8. The funds in the financial accounts were to be deposited and disbursed in accordance with written escrow instructions and closing instructions provided to Defendants by the buyer, seller or lender at the closing of a particular real estate transaction.

9. During a recent audit of Landmark pursuant to Section 11 of the Agency Agreement, ORNTIC discovered information that led it to reasonably believe that Landmark was misusing the funds in its financial accounts by making improper and unauthorized disbursements therefrom.

10. The audit revealed that:

  A. Prior liens in at least the aggregate amount of $426,893.41 have not been paid

off. These liens were to be paid off in connection with the closing of mortgage loans for which ORNTIC title insurance had been issued or for which ORNTIC is obligated to issue;

B.     Landmark's primary escrow accounts are severely underfunded, reflecting improper and unauthorized disbursements;

C.     On several occasions during 2008 and 2009, Landmark's primary escrow accounts have had negative balances, reflecting improper and unauthorized disbursements;

D.     Landmark has failed to pay ORNTIC insurance premiums due and owing for several real estate transactions closed by Landmark, at present in at least the amount of $14,951.27; and

E.     Landmark has improperly disbursed funds from one or more of its primary escrow accounts that were intended to be disbursed to various mortgage lenders whose loans were to be paid off in transactions closed by Landmark in accordance with closing instructions or escrow agreements.

11.    For purposes of this Preliminary Injunction, Ingram has not contested the findings of the Court, but she and Landmark are not precluded from doing so at a trial on the merits or subsequent proceedings. The above-described improper and unauthorized disbursements from one or more of Landmark's primary escrow accounts has created or will create a shortfall in the escrow account(s).

12.    Because of the recency of its discovery and the ongoing nature of its investigation, ORNTIC, at the present time, is unable to determine the total shortfall in the escrow account(s) that has been created or that will be created and is, therefore, unable to determine whether claims may be asserted against ORNTIC relating to the above-described disbursements pursuant to Closing Protection Letters, Lenders Policies of Title Insurance or Owner's Policies of Title Insurance that were issued.

13.    Pursuant to Section 7 of the Agency Agreement, Landmark is responsible to ORNTIC for losses as defined in the Agency Agreement (including payments to insureds and third-party claimants, attorneys' fees and all other costs incurred in investigation of claims, negotiation of

settlements and litigation) arising from the title insurance business conducted pursuant to the Agency Agreement, including, but not limited to, the following conduct by Landmark:

    1.     Defalcation, fraud or dishonesty on the part of Agent;

    2.     Intentional or negligent failure of Agent to comply with the terms and requirements of this Agreement or of the rules, regulations or instructions given to Agent by Insurer;

    3.     Intentional omission from commitments or policies of reference to encumbrances or title defects disclosed by the application, by the Agent's search and examination of title, by an approved examiner's report, or certification of title, or which were otherwise known to the Agent at the time of issuance of insurance;

    4.     The improper closing or attempted closing by the Agent including but not limited to (a) loss or misapplication of customer funds, documents or other things of value received by Agent in a fiduciary capacity or otherwise, resulting in loss to Insurer, (b) failure to disburse properly or close in accordance with escrow or closing instructions, and/or (c) misapplication of escrow or closing funds by Agent; and

    5.     Negligent errors or omissions in the search, or examination of title, in the preparation of Title Insurance Forms or in other procedures involved in processing an application for title insurance.

14.    Section 7(B) of the Agency Agreement also provides:

Agent's responsibility for loss as set forth in Section 7 (A) shall be construed broadly to include any losses caused by the actions or inactions of: (i) Agent, any principal and/or owner of Agent, including without limitation, any officer, director, shareholder, partner, manager, associate, or member of Agent, or any employee of Agent; and (ii) the agents, sub-agents, vendors, contractors, subcontractors of Agent and/or their respective officers, directors, shareholders, employees, partners,associates and/or members (hereinafter referred to as "Subcontractors").

15.    Landmark maintains the above-referenced financial accounts at various banks in Searcy, Arkansas.

16.    The funds held in the above-referenced financial accounts are not the property of Landmark.

17. The funds held in the above-referenced financial accounts are the property of the person(s) entitled thereto based upon closing instructions provided at the closing of the real estate transactions.

18. Landmark and Ingram currently have access to the escrow funds and, unless restrained from doing so, can continue to remove or commingle the funds, all at the expense of ORNTIC and the public.

19. Pursuant to the Agency Agreement, ORNTIC has notified Landmark in writing that the Agency Agreement is terminated effective June 2, 2009.

20. Pursuant to Section 14.D. of the Agency Agreement, Landmark has agreed that upon termination of the Agency Agreement, it would deliver to ORNTIC all forms and files required to be kept under the Agency Agreement.

21. Defendants currently have access to the escrow funds and, unless restrained from doing so, can continue to remove or commingle the funds, all at the expense of ORNTIC and the public.

22. ORNTIC and the public will suffer irreparable harm to its business and reputation unless the remaining escrow funds and all of Landmark's corporate accounts are protected until such time as ORNTIC's audit/accounting is complete.

23. ORNTIC has no adequate remedy at law, and injunctive relief is necessary to maintain the status quo and preserve the rights of all interested parties, including ORNTIC and the public, until such time as ORNTIC's audit/accounting is complete.

24. Landmark was properly served but did not appear. However, although Ingram cannot represent Landmark as its attorney, she has the authority to bind Landmark in agreements and has bound Landmark to the agreement to this Preliminary Injunction.

IT IS HEREBY FURTHER ORDERED that the injunction bond previously filed by ORNTIC in this matter shall remain in effect as to this Preliminary Injunction.

IT IS SO ORDERED this 19th day of June, 2009.

                                                  _____
                                                J. LEON HOLMES
                                                UNITED STATES DISTRICT JUDGE